[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  11-13942
_____

D.C. Docket No. 3:09-cv-01063-TJC-JBT

JUDY BARLOW,

Plaintiff-Appellee,

versus

SUN LIFE & HEALTH INSURANCE COMPANY,

Defendant-Appellant,

MORRISON HOMES LONG TERM DISABILITY PLAN,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 31, 2012)

Before DUBINA, Chief Judge, JORDAN and ALARCÓN,* Circuit Judges.

---

* Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

Sun Life & Health Insurance Company appeals the district court's grant of summary judgment to Judy Barlow on her claim for long-term disability. Because we write only for the parties, we assume their familiarity with the facts, and do not restate them below.

Where an administrator applies or uses an incorrect definition of an ERISA plan term the proper course is generally to remand the matter to the administrator. *See, e.g.*, *King v. Hartford Life & Accident Ins. Co.*, 414 F.3d 994, 1005-06 (8th Cir. 2005) (*en banc*) (where the plan administrator applies an incorrect definition, the proper remedy is to remand to the administrator for re-evaluation of the claim under the correct definition); *Jones v. Metro. Life Ins.* Co., 385 F.3d 654, 665 (6th Cir. 2004) (remanding matter because administrator applied impermissible definition); *Saffle v. Sierra Pacific Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 459-60 (9th Cir. 1996) (remanding matter because administrator misconstrued plan language). *Cf. Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1330 (11th Cir. 2001) (agreeing that remand to the plan administrator is the general rule, but acknowledging that remand is not appropriate in every case). A review of the record reveals multiple instances of the plan administrator and the

2

medical experts using an incorrect definition of "regular occupation."

The ERISA plan at issue here defined the term "regular occupation" as "[t]he occupation you are performing when your Period of Disability commences. This refers to your occupation as it is typically performed rather than the duties required by a specific employer or at a specific location." The parties agree that this definition reads "occupation" broadly to encompass more than just the specific duties that Ms. Barlow performed for her employer. *See* Brief for Appellant at 35; Brief for Appellee at 25. The record, however, contains multiple references to Ms. Barlow's particular duties for her employer and her ability or inability to perform those particular duties, rather than to the duties of Ms. Barlow's occupation as it was typically performed. The record shows that Sun Life concentrated on whether Ms. Barlow continued to suffer from her claimed limitations, rather than whether she could perform her "regular occupation" as it is typically performed.

The record is also unclear as to what "occupation" was applied to Ms. Barlow for purposes of determining whether she was able to perform the duties of that typical occupation. For example, Dr. Kohen's report characterizes Ms. Barlow's occupation as that of a "sales manager," while Dr. Alghafeer's report characterizes Ms. Barlow's occupation as "real estate broker." Additionally, though Ms. Barlow and her employer continuously characterized her most recent occupation as that of "area sales

3

manager," Sun Life, in its letter of May 4, 2009, described Ms. Barlow's occupation as "sales manager."

To make matters even more confusing, the record is also unclear as to what, if any, job description or other vocational information was used by Sun Life or provided to Drs. Kohen and Alghafeer. Indeed, the only evidence in the record about Ms. Barlow's "occupation as it is typically performed" was a job description for "Manager, Real Estate Firm" from the Dictionary of Occupational Titles, which was submitted by Ms. Barlow to Sun Life during her administrative appeal. It is unclear, however, whether Sun Life ever adopted, modified, or rejected this description.

Because it is impossible to apply the arbitrary and capricious standard without knowing what Sun Life believed Ms. Barlow's occupation was, and without knowing how Sun Life defined "regular occupation," a remand is appropriate. This is not an "unusual" case like *Levinson*, where all of the evidence tended to show that the plaintiff was still disabled. Therefore, remand is warranted so that Sun Life will have the opportunity to consider and apply the correct definition of "regular occupation" in determining whether Ms. Barlow is "totally disabled."

Accordingly, we vacate the district court's grant of summary judgment in favor of Ms. Barlow, and remand to the district court with instructions to remand the matter to Sun Life for it to conduct a vocational analysis and consider in the first instance

4

whether Ms. Barlow is unable to perform all of the material and substantial duties of her "regular occupation" as it is typically performed. Once Sun Life defines Ms. Barlow's "regular occupation," the parties should have an opportunity to present additional evidence about whether Ms. Barlow is "totally disabled."

**VACATED AND REMANDED.**